UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 10-0641 (RBW)<br>)<br>)<br>)<br>)<br>) |

## ANSWER

Defendant United States Department of Justice ("Defendant" or "DOJ"), hereby answers the Complaint for Injunctive Relief ("Complaint") filed by Plaintiff Electronic Frontier Foundation ("Plaintiff") as follows:

Defendant responds to the separately numbered paragraphs and prayer for relief contained in the Complaint below. To the extent that any allegation is not admitted, it is denied. Moreover, to the extent the Complaint refers to or quotes from external documents, statutes or other sources Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendant answers as follows:

1.   The allegations set forth in Paragraph 1 are conclusions of law or characterizations of the action to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff accurately describes the claims he purports to bring in action, but denies that its claims have any merit.

**Jurisdiction and Venue**[1]

2. The allegations set forth in Paragraph 2 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies that this Court has subject matter jurisdiction but admits that venue is proper and that personal jurisdiction exists.

**Parties**

3. Defendant is without sufficient knowledge and/or information to admit or deny the allegations contained in Paragraph 3, and therefore, denies the same.

4. In response to Paragraph 4, Defendant admits DOJ is an Executive Branch agency of the United States. The remaining allegations set forth in Paragraph 4 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant admits such allegations.

**Plaintiff's FOIA Request and DOJ's Failure to Timely Respond**

5. Defendant is without sufficient knowledge and/or information to admit or deny the allegations contained in Paragraph 5, and therefore, denies the same and refers to the cited letter for its true and complete contents.

6. Defendant denies the allegations set forth in Paragraph 6.

7. Defendant is without sufficient knowledge and/or information to admit or deny the allegations contained in Paragraph 7, and therefore, denies the same.

8. In response to Paragraph 8, Defendant admits that it received Plaintiff's FOIA request described in Paragraph 7 on or about January 15, 2010.

---

[1] Merely for reference, Defendant replicates the headings contained in the Complaint herein. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required, Defendant denies the allegations contained in such headings.

9. In response to Paragraph 9, Defendant admits that its Justice Management Division, Mail Referral Unit sent Plaintiff a letter dated January 27, 2010, but refers to that letter for its true and complete contents.

10. In response to Paragraph 10, Defendant admits that its Office of Information Policy ("OIP") sent Plaintiff a letter dated March 11, 2010, but refers to that letter for its true and complete contents.

11. Defendant admits the allegations set forth in Paragraph 11, but avers that its position regarding Plaintiff's FOIA request has not changed. That is, DOJ remains committed to providing Plaintiff all reasonably-segregable non-exempt information responsive to its FOIA request (as amended or limited by any prospective agreement between the parties) in a reasonable time and fashion hereafter.

12. The allegations set forth in Paragraph 12 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies that is has "violated the applicable statutory time limit for the processing of FOIA requests."

13. The allegations set forth in Paragraph 13 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant admits such allegations.

14. The allegations set forth in Paragraph 14 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies such allegations. Defendant further avers that it remains committed to providing Plaintiff all reasonably-segregable non-exempt information responsive to its FOIA request (as amended or limited by any prospective agreement between the parties) in a reasonable time and fashion hereafter.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act for
### Wrongful Withholding of Agency Records

15.  In response to Paragraph 15, Defendant incorporates by reference its responses to Paragraphs 1 through 14 set forth above.

16.  The allegations set forth in Paragraph 16 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant denies such allegations.  Defendant further avers that it remains committed to providing Plaintiff all reasonably-segregable non-exempt information responsive to its FOIA request (as amended or limited by any prospective agreement between the parties) in a reasonable time and fashion hereafter.

17.  The allegations set forth in Paragraph 17 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant admits that Plaintiff exhausted its administrative remedies before bringing this action, but denies the remaining allegations set forth in Paragraph 17.

18.  The allegations set forth in Paragraph 18 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant denies such allegations.  Defendant further avers that it remains committed to providing Plaintiff all reasonably-segregable non-exempt information responsive to its FOIA request (as amended or limited by any prospective agreement between the parties) in a reasonable time and fashion hereafter.

### Requested Relief

Paragraphs A. through E. contain Plaintiff's prayer for relief to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations set forth

in Paragraphs A. through E. and specifically denies that Plaintiff is entitled to any relief whatsoever, especially in light of DOJ's commitment to providing Plaintiff all reasonably-segregable non-exempt information responsive to its FOIA request (as amended or limited by any prospective agreement between the parties) in a reasonable time and fashion hereafter.

WHEREFORE, having fully answered, Defendant prays for judgment in its favor including all costs and other expenses recoverable by law, and such other and further relief as the Court deems appropriate.

Dated: June 30, 2010
      Washington, DC

                            Respectfully submitted,

                            RONALD C. MACHEN JR., D.C. Bar #447889
                            United States Attorney

                            RUDOLPH CONTRERAS, D.C. Bar #434122
                            Chief, Civil Division

                            By:       /s/
                                BRIAN P. HUDAK
                                Assistant United States Attorney
                                555 4th Street, NW
                                Washington, DC 20530
                                (202) 514-7143

                            *Attorneys for Defendant*